IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ZENAIDA ARTILES-POSADA, in her widow's share as heirs of JOSE RUBEN CAMACHO-CAMACHO; MARI ANGELA CAMACHO; JOSE RUBEN CAMACHO; VIVIANA CONNER<br><br>Plaintiffs<br><br>vs<br><br>HECTOR RIVERA-SIACA, LUISA ESTRELLA CLAVEROL-SIACA<br><br>Defendants | CIVIL 16-1832CCC |

**OPINION AND ORDER**

This is a diversity lawsuit brought by Zenaida Artiles-Posada ("Artiles-Posada"), as widow and heir of José Rubén Camacho-Camacho ("Camacho-Camacho"), Mari Angela Camacho, José Rubén Camacho and Viviana Conner as heirs of Camacho-Camacho against Héctor Rivera-Siaca ("Rivera-Siaca") and Estrella Claverol-Siaca ("Claverol-Siaca"). The Complaint (d.e. 1) makes general reference to a litigation which commenced in the late 80s before the Superior Court of Puerto Rico which, according to the information provided in the introductory paragraph, ended in a favorable judgment against co-defendant Rivera-Siaca and in favor of co-plaintiff Artiles-Posada and her husband Mr. Camacho-Camacho, who passed away on February 14, 2010.

The core allegations in this case are that after obtaining this favorable judgment against Rivera-Siaca, the latter made a fraudulent transfer of his primary asset, a house in Guaynabo, Puerto Rico to his former spouse, now co-defendant Claverol-Siaca. Plaintiffs refer to that Commonwealth case as "an odyssey in the civil justice system of Puerto Rico" which spilled over to the

CIVIL 16-1832CCC                                    2

federal jurisdiction by way of the Complaint filed by the widow and heirs of Mr. Camacho-Camacho.

Co-defendant Claverol-Siaca[1] filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 11**) on August 16, 2016.  Although movant incorrectly stated that Mr. Camacho-Camacho died in Puerto Rico,[2] the fundamental grounds in support of her jurisdictional challenge lie on its Exhibit A, a Value Certificate issued by the CRIM, a Spanish acronym for the Centro de Recaudación de Ingresos Municipales or Municipality Collection Center, issued on November 7, 2016 (d.e. 11-1) and relevant provisions of the law on Municipal Property Tax, 21 L.P.R.A. §§ 5001(a) and (b) and 5002. Section 5001 (a) provides that:

> [m]unicipalities are hereby authorized to levy, through municipal ordinances approved to that effect for Fiscal Year 1992-93 and for each subsequent fiscal year, a basic tax of up to four percent (4%) per annum on the appraised value of all personal property and of up to six percent (6% ) per annum on the appraised value of all real property not exempted or exonerated from taxes, located within their territorial limits, which will be in addition to any other tax levied by virtue of other laws in effect.

21 L.P.R.A. § 5001(a).  Section 5001(b) states that "[t]he Collection Center shall assess and collect said tax in accordance with the same procedures and subject to the same limitations and rights provided by this part for the assessment and collection of property taxes in Puerto Rico."  21 L.P.R.A. § 5001(b). Section 5002 refers to exoneration from payment of property taxes by the municipality stating:

---

[1] Co-defendant Rivera Siaca has not filed a responsive pleading.  There are serious concerns that have not been resolved regarding his mental competency to stand trial.

[2] The Death Certificate for Mr. Camacho-Camacho reflects that he died in New Haven, Connecticut.

CIVIL 16-1832CCC                         3

> The owners of property for residential purposes are hereby exonerated from the payment of the special surtax and the basic tax levied by virtue of § 5001 of this title and this section and the property taxes levied by the municipalities of Puerto Rico corresponding to Fiscal Year 1992-93 and to each subsequent fiscal year in an amount equal to the tax levied on said properties up to fifteen thousand dollars ($15,000) of the appraised value of the property, subject to the provisions of § 5007 of this title.

21 L.P.R.A. § 5002.  Section 5007 in turn provides that "[t]he tax release or exemption provided by § 5002 of this title on residential properties cannot be eliminated or reduced."  21 L.P.R.A. § 5007.  Against that statutory backdrop and based on the Value Certificate issued by CRIM on November 7, 2016 (Exhibit A of the Motion to Dismiss) movant challenges the diversity jurisdiction claimed stating that plaintiffs have been enjoying tax exoneration on a real property located at Apt. 6D Candina 3, Cond. Coral Inn, San Juan, Puerto Rico – an exoneration that is only granted to a property being devoted by its owners for residential use.

Section 5002 provides that in the case of properties for residential purposes both husband and wife shall be deemed owners and beneficiaries of this exemption and in the event of death, the surviving spouse shall continuously keep the exemption.  21 L.P.R.A. § 5002. Applying this provision, both plaintiff Artiles Posada and her husband, the late Camacho-Camacho, are deemed to be owners and beneficiaries of the exemption on the property located in San Juan, Puerto Rico which according to the Value Certificate was in effect January 1, 1997 and until its issuance on July 11, 2016.  The plaintiffs' Opposition filed on September 28, 2016 (d.e. 16) does not at all address this factor as an indicator that Artiles-Posada as owner of the property benefitted and continues to benefit from this exemption only because that property was

CIVIL 16-1832CCC                              4

used as her residence.[3]  The plaintiffs incorrectly state that the only allegation made in the motion challenging diversity jurisdiction was the statement that Camacho-Camacho died in Puerto Rico.  Having completely ignored the evidence of the widow's ownership of a property in Puerto Rico exempted because it is devoted for residential use, plaintiffs then request that the Court dismiss the widow's claims without prejudice and avers that "[w]ithout Ms. Artiles- Posada in the case, there can be no dispute that there is complete diversity among the parties, so defendants' Motion to Dismiss should be denied." (d.e. 16).  However, diversity of citizenship must be determined at the time of filing the suit which was on April 27, 2016.  Dropping out of the case by way of voluntary dismissal does not affect the determination to be made by the Court regarding its diversity jurisdiction.

Once the jurisdiction is challenged, plaintiff has the burden of proof to overcome such challenge.  Plaintiffs have not met that burden, nor even attempted to do so.  Accordingly, the Motion to Dismiss for Lack of Subject Matter Jurisdiction (**d.e. 11**) filed by co-defendant Claverol-Siaca is GRANTED.  The action is dismissed without prejudice.  Judgment to be entered.

SO ORDERED.

At San Juan, Puerto Rico, on March 7, 2017.


                                                            S/CARMEN CONSUELO CEREZO
                                                            United States District Judge

---

[3]"Any taxpayer who has presented the certification referred to in this paragraph shall be bound to notify, as provided below, any changes in his/her qualifications for enjoying the tax exemption granted herein, and any transfer and modification of the domain on the property regarding that over which said certification was filed." 21 L.P.R.A. § 5002.